IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SARAH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 4:19-24 |
| ) | |
| INDIANA PACKERS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Sarah Davis, for her Complaint against Defendant, Chaofeng Lui, states the following:

### I. Parties

1. Ms. Davis is a resident of Monticello, Indiana.

2. Indiana Packers Corporation does business in Delphi, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the ADA and Title VII.

4. Venue in the Northern District of Indiana, Lafayette Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

5. Plaintiff began working for Defendant on July 24, 2017.

6. Plaintiff worked for Defendant as a production worker.

7. On May 4, 2018, Plaintiff filed an EEOC Charge against Defendant alleging sex discrimination, harassment and hostile work environment.

8. This EEOC Charge was resolved by the parties on June 12, 2018.

9. Since resolving this EEOC Charge, Defendant has made Plaintiff work life difficult.

10. Plaintiff reported each incident to Jim Harding, head of Human Resources for Defendant.

11. Mr. Harding advised Plaintiff that she should consider finding different employment.

12. In 2019, Plaintiff began experiencing medical issues with her bladder.

13. Plaintiff's medical issue makes her need to urinate.

14. Plaintiff is caused discomfort if she required to hold her urine.

15. Plaintiff had informed Defendant about this condition both orally and with medical documentation.

16. Plaintiff had asked Defendant to accommodate this disability by permitting to go to the bathroom on times other than breaks.

17. Defendant had permitted Plaintiff to go to the bathroom in between breaks following her request for accommodation.

18 However, on November 19, 2019, Plaintiff asked her supervisor to go to the bathroom between breaks and her supervisor denied request telling Plaintiff to hold it to the next break.

19. As a result, Plaintiff ended up urinating on herself when she could not hold it any longer.

20. On December 10, 2019, Plaintiff was cursed at and threatened by a co-worker, Cecelia, in front of Cecelia's supervisor.

21. On December 16, 2019, Plaintiff was suspended by Jim Harding for allegedly sending a threatening text message to Nathan Smith months previously.

22. Nathan Smith was a supervisor for Defendant.

23. Nathan Smith was the on and off boyfriend of Plaintiff.

24. The text message in question was sent outside of work during a lover's quarrel.

25. Defendant claimed that the text message violated its Workplace Violence Policy.

26. Jim Harding terminated Plaintiff on December 28, 2019 for allegedly violating the Bullying Policy.

27. Defendant has violated the ADAAA by discriminating against Plaintiff due to her disability.

28. Defendant has violated the ADAAA by failing to accommodate the disability of Plaintiff.

29. Defendant has violated Title VII by harassing Plaintiff in retaliation for bringing an EEOC Charge against Defendant in 2018.

30. Defendant has violated Title VII by retaliating against Plaintiff for bringing an EEOC Charge against Defendant in 2018.

31. On April 3, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

32. On December 31, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff.

## Count I
## Violations of ADAAA

33. Plaintiff incorporates paragraphs 1 through 32 by reference herein.

34. Plaintiff was discriminated against by Defendant in violation of the ADA and its amendments.

35. Defendant failed to accommodate Plaintiff in violation of the ADA and its amendments.

36. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Violations of Title VII

37. Plaintiff incorporates paragraphs 1 through 36 by reference herein.

38. Plaintiff was harassed during her employment by Defendant in retaliation for filing a previous EEOC Charge against Defendant in violation of Title VII.

39. Defendant retaliated against Plaintiff for filing a previous EEOC Charge by wrongfully terminating her in violation of Title VII.

40. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by Title VII.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

41. Plaintiff incorporates paragraphs 1 through 40 by reference herein.

42. Plaintiff demands a trial by jury.

                    Respectfully submitted,

                    WELDY LAW

                    /s/Ronald E. Weldy
                    Ronald E. Weldy, #22571-49
                    Attorney for Plaintiff,
                    Sarah Davis

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com