UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SARAH DAVIS, | ) |
|       Plaintiff, | ) |
| v. | )   CIVIL NO.: 4:21-cv-24 |
| INDIANA PACKERS CORPORATION, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery Responses [DE 19] filed by the defendant, Indiana Packers Corporation, on February 28, 2022. It is hereby ordered that the Motion [DE 19] be **GRANTED.**

*Background*

The plaintiff, Sarah Davis, initiated this matter on April 1, 2021, against the defendant, Indiana Packers Corporation, alleging violations of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

The defendant filed the instant motion on February 28, 2022. The defendant is requesting that the court order the plaintiff to provide complete responses to the defendant's First Interrogatories and Requests for Production of Documents. The defendant also requests fees and costs associated with the filing of this motion.

The plaintiff responded in opposition on March 21, 2022. In her response, the plaintiff did provide complete answers to some of the outstanding discovery requests, however in its reply, the defendant maintains its position that the plaintiff's responses to Interrogatory Nos. 6, 11-12,

Requests for Production Nos. 18-19, 21, 23, 28, 38, and medical and employment releases are still deficient.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 26(b)(1),** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978) (citing ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* **Federal Rule of Civil Procedure 37(a).** The party objecting to the discovery request bears the burden of showing why the request is improper. *See* ***McGrath v. Everest Nat'l Ins. Co.***, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The court has broad discretion when determining matters related to discovery. ***Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.***, 755 F.3d 832, 837 (7th Cir. 2014).

Interrogatory No. 6 requests information about previous legal or administrative proceedings that the plaintiff has been involved in and specifically, "(e) the manner in which the dispute was resolved." [DE 28-1]. The plaintiff's response included a list of case names and directed the defendant to use "MyCase" to obtain information regarding the listed cases. The defendant claims that "MyCase" only contains information about Indiana state court litigation and does not provide any information as it relates to the manner in which the cases were resolved. The plaintiff argues that the "[d]efendant ha[s] all of the information necessary to look up this information as easily as [the p]laintiff."

2

The defendant is entitled to receive this information from the plaintiff and is not required to do independent research. The plaintiff is **ORDERED** to provide a complete list of case names, the associated cause numbers for each, the resolution for each case within **fourteen days** of this Order.

Multiple interrogatories and requests for production currently at issue involve the plaintiff's medical and employment records. The defendant is requesting medical records and information about any medical professional that the plaintiff has seen over the past ten years. The plaintiff claims that the request is too broad and believes only that medical records relating to the plaintiff's bladder issues and therapy are relevant to this case.

The court disagrees, physical medical problems and mental medical problems often are related. The plaintiff is **ORDERED** to produce all medical records, physical and mental, and/or a medical release, within **fourteen days** of this Order, authorizing the defendant to obtain the plaintiff's medical records beginning five years prior to the alleged injury incurred in this case.

The defendant also requests an employment release in order to obtain records from the plaintiff's employers over the five-year period directly preceding the alleged injuries she suffered in this case. The defendant is not seeking a release to seek information from the plaintiff's current employer, Tyson. The plaintiff's assertion that she will answer questions regarding her employment disciplinary history during her deposition is not sufficient. The defendant does not have to take the plaintiff's word alone, and is entitled to prepare for the deposition. Accordingly, the plaintiff is **ORDERED** to sign an employment release, within **fourteen days** of this Order, authorizing the defendant to obtain records regarding the plaintiff's employment history for five years prior to the injuries suffered in this case. This also, resolves the parties' dispute of Interrogatory No. 11, Request for Production No. 28, and the employment release.

Next, the defendant is seeking an order compelling the plaintiff to respond to Interrogatory No. 12 and Requests for Production Nos. 21 and 23. These three requests relate to the damages the plaintiff alleges that she has suffered. For actual damages, the plaintiff is seeking compensation for medical bills and lost wages. The defendant is entitled to this information. Therefore, the plaintiff is **ORDERED** to produce a breakdown of the actual damages sought in this case, which includes medical bills and lost wages. However, damages sought for pain and suffering or emotional distress is a question for the jury. Therefore, the plaintiff is not required to estimate a number or provide a calculation to the defendant.

The plaintiff claims that she has not received payroll information for her current job where she has been employed for several months. There is no reason that the plaintiff should not have access to this information. Therefore, the plaintiff is **ORDERED** to produce all payroll information from Tyson within **fourteen days** of this Order. Additionally, the defendant is requesting that the plaintiff produce her state and federal tax returns and W-2 forms for the last five years. The plaintiff claims that she will only agree to produce her W-2 forms from 2016 to 2021. However, because her earnings history and capacity are at issue in this case, the defendant is entitled to both the tax returns and W-2 forms. Accordingly, the plaintiff is **ORDERED** to produce her W-2 forms and her state and federal tax returns from tax years 2016 through 2021, or provide authorization for the release of them, to the defendant within **fourteen days** of this Order.

Additionally, since court already has ordered the plaintiff to produce all medical records dating back five years from the alleged injuries in this case, all medical bills from that time frame and records supporting the computation of the actual medical damages sought in this case, must be produced to the defendant within **fourteen days** of this Order.

In its 18th and 19th Requests for Production, the defendant requests all communications between the plaintiff and Nathan Smith, as well as the production of the plaintiff's cell phone for

4

inspection by the defendant's expert. The defendant claims that the relationship between the plaintiff and Smith was vital to the reason for her termination.

The plaintiff does not object to the relevance of this information but argues that she needs to find a time to meet with her attorney so that her attorney can download a program in order to obtain the communications and provide them to the defendant. However, the court anticipates that acquiring the communications in this fashion could result in disputes over the accuracy of the program that the plaintiff's counsel would use. The plaintiff claims that allowing the defendant's expert to inspect her phone would put her in a position where she would be without her phone, leaving her unable to communicate with her family and friends. This argument is unavailing. The defendant represents that the inspection can be accomplished in mere hours. If the plaintiff is agreeable to allowing her attorney to download a program in order to obtain the communications at issue, then the plaintiff would be without her phone then as well. Therefore, the plaintiff is **ORDERED** to provide all communications, of any means, between herself and Smith that took place between July 1, 2017, and December 31, 2019, within **fourteen days** of this Order. The plaintiff is further **ORDERED** to produce her phone for inspection by the defendant's expert on an agreeable date that is to be chosen by the parties **on or before June 8, 2022**.

The final Request for Production, 38, at issue, requests that the plaintiff provide a copy of the fee agreement between her and her counsel. The plaintiff claims that she already has produced it, however the defendant states that it has not received it. Accordingly, the plaintiff is **ORDERED** to produce another copy of the fee agreement between her and her counsel within **fourteen days** of this Order.

Lastly, the defendant requests that the court award it the fees and costs associated with the filing of this motion pursuant to **Federal Rule of Civil Procedure 37(a)(5)(A)**. "The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al., 8B **Federal***

5

*Practice and Procedure Civil* § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994). **Rule 37(a)(5)(A)** states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See* ***Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees"). Sanctions under **Rule 37(a)(5)** are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii)**.

The defendant has shown that it attempted in good faith on numerous occasions to resolve the discovery disputes that ultimately necessitated the filing of this motion. The plaintiff's failure to timely and fully respond to the discovery requests were not justified. Therefore, the court **GRANTS** the defendant's request and **ORDERS** it to file an itemization of the fees and costs it incurred **on or before May 31, 2022**.

For the foregoing reasons the Motion to Compel Discovery Responses [DE 19] is **GRANTED**.

ENTERED this 24th day of May, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge