UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SARAH DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-24 |
| | ) |
| INDIANA PACKERS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Itemization of Fees and Costs [DE 30] filed by the defendant, Indiana Packers Corporation, on May 31, 2022.

*Background*

On May 24, 2022, the court granted [DE 29] the defendant's Motion to Compel Discovery Responses [DE 19] as well as its request for fees and costs associated with its filing. Per the court's order, the defendant filed its Itemization of Fees and Costs [DE 30] on May 31, 2022, detailing the fees and costs it incurred in filing the motion. The plaintiff responded in opposition on June 21, 2022, and the defendant replied on June 27, 2022.

*Discussion*

**Federal Rule of Civil Procedure 37(a)(5)(A)** states that the court shall impose sanctions based upon the costs of seeking a motion to compel. *See* ***Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees"). Sanctions under **Rule 37(a)(5)** are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's

nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Rule 37(a)(5)(A)(i)-(iii)**.

In its decision on the motion to compel, the court held that the defendant had shown that it attempted in good faith on at least four occasions to resolve the discovery disputes before filing the motion.  Additionally, the court found that the plaintiff's reasoning, being too busy with another trial, for failing to comply with the discovery requests was not justified. As a result, the defendant timely filed an itemization of fees and costs.

In her response in opposition, the plaintiff rehashes old arguments that already have been decided.  For example, she argues that the defendant did not attempt to meet and confer in accordance with **Ind. L.R. 37-1**.  However, in the same response brief, she admits that she received the defendant's "February 3, 2022 letter written pursuant to Rule 37-1," but states that she was too busy with a trial at the time to respond. [DE 34 at pg. 2]. Additionally, the court noted at least three emails that were sent to the plaintiff between December 2021 and February 2022 attempting to resolve the dispute. Therefore, the plaintiff's argument is futile.

Next, the plaintiff challenges the amount of time that the defendant claims to have spent preparing the motion and reply brief. The defendant indicates that it spent nine hours on the motion and 8.1 hours on the reply. The plaintiff argues that the motion and supporting brief were substantially similar to the February 3, 2022 letter that she received and therefore spending nine hours was excessive.

In an attempt to better understand the defendant's reasoning for taking more than 17 hours to write the motion and the reply on what appears to be routine discovery issues, the court ordered the defendant to file a supplemental explanation.  On July 11, 2022, the defendant complied with the court's order [DE 37] and explained that there were 21 separate issues

addressed in the brief, with 12 issues involving specific objections by the plaintiff that had to be addressed with case law and other legal authority. Due to the defendant's explanation and the plaintiff's lack of suggestion as to what she believes would have been a reasonable amount of time spent by defense counsel, the court **GRANTS** the defendant's Itemization of Fees and Costs [DE 30]. The plaintiff is **ORDERED** to pay the defendant $7,630.00 **on or before August 2, 2022**.

ENTERED this 19th day of July, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge