UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SARAH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:21-CV-024-PPS-APR |
| ) | |
| INDIANA PACKERS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Magistrate Judge Rodovich awarded $7,630.00 in attorney's fees to Indiana Packers as a discovery sanction after the plaintiff, Sarah Davis, failed to respond to discovery requests despite repeated efforts to obtain compliance. Davis now asks me to vacate that decision pursuant to Federal Rule of Civil Procedure 72(a). But because Magistrate Judge Rodovich's ruling is not clearly erroneous or contrary to law, it will be upheld in its entirety.

Here's how we got here. On May 24, 2022, Indiana Packers prevailed on a motion to compel responses to its First Interrogatories and Requests for Production of Documents. [DE 19; DE 29.] In the motion, Indiana Packers sought to recover all associated fees and costs. Magistrate Judge Rodovich, in a May 24 order, granted that request, concluding that Indiana Packers had "attempted in good faith on numerous occasions to resolve the discovery disputes" that formed the basis of the motion, and that Davis' "failure to timely and fully respond to the discovery requests were not justified." [DE 29 at 5–6.] Davis did not seek review of that order.

Thereafter, an Itemization of Fees and Costs followed, in which Indiana Packers detailed the amount of fees and costs incurred in connection with briefing the motion to compel. [DE 30.] The fees totaled $7,630.00, spread over a total of 17.5 hours of work performed by two attorneys researching and drafting the motion to compel, accompanying brief, and reply. [*Id.*; DE 30-1, ¶¶ 3–8; DE 30-2.]

On July 19, 2022, Magistrate Judge Rodovich granted Indiana Packers' Itemization of Fees and Costs. [DE 38.] The court reiterated its earlier findings that Indiana Packers "had shown that it attempted in good faith on at least four occasions to resolve the discovery disputes before filing the motion," and Davis' proffered reason for not responding to these attempts to meet and confer—namely, that her attorney was "too busy with another trial"—was not justified. [*Id.* at 2; *see also* DE 29 at 5–6.] Magistrate Judge Rodovich further concluded that the amount of time Indiana Packers spent preparing its motion and associated briefs (9 hours on the motion and 8.1 hours on the reply) was reasonable. The court noted that the briefing involved a spate of discovery disputes: some "21 separate issues addressed in the brief, with 12 issues involving specific objections by [Davis] that had to be addressed with case law and other legal authority." [DE 38 at 2–3; *see also* DE 37.] Based on these findings, the court found the full amount of requested fees warranted.

Davis seeks review of this "non-dispositive" decision approving Indiana Packers' Itemization of Fees and Costs [*see* DE 39], arguing that I should reduce or vacate the amount of fees Magistrate Judge Rodovich awarded. Federal Rule of Civil Procedure

2

72(a) provides that a party may serve and file objections to a non-dispositive order entered by a magistrate judge "within 14 days after being served with a copy," after which "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The balance of authority in this circuit holds that because monetary sanctions imposed by a magistrate judge are "not case dispositive," Rule 72(a) supplies the appropriate standard of review.[1] *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *1, *11–13 (N.D. Ill. Mar. 16, 2020) (citing *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014); *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 n.1 (7th Cir. 2012)) (noting that despite split of authority among district courts, "[e]very United States Court of Appeals that has examined the issue directly has held that a Rule 37 award of attorneys' fees and costs is a nondispositive order"); *see also Berry v. Ford Modeling Agency, Inc.*, No. 09-CV-8076, 2011 WL 3648574, at *3 (N.D. Ill. Aug. 18, 2011) (citing *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96 C 6135, 2001 WL 290308, at *10 (N.D. Ill. Mar. 20, 2001)); *Herbst v. O'Malley*, No. 84 C 5602, 1995 WL 55252, at *2 (N.D. Ill. Feb. 8, 1995) (citing *Johnson v. Old World Craftsmen, Ltd.*, 638 F. Supp. 289, 291 (N.D. Ill. 1986)).

Davis divides her argument for vacating Magistrate Judge Rodovich's July 19 decision [DE 38] along two lines. First, she argues, the order must be vacated, or the

---

[1] The parties do not dispute that this standard applies to my review of Magistrate Judge Rodovich's decision awarding Indiana Packers' requested attorney's fees.

award reduced, because the amount of time Indiana Packers' counsel billed was plainly excessive for the work that went into briefing the motion to compel. [DE 40 at 2–5.] Second, she argues that the fee award must be vacated or reduced for independent reasons, specifically: (a) because Indiana Packers failed to meet and confer prior to filing its motion; and (b) because the amount of fees sought reflects that the request is made in "bad faith." *Id.* at 5–8. On both fronts, Davis fails to carry her burden to show that the decision was clearly erroneous or contrary to law.

Following the parties' tack [*see* DE 40; DE 45; DE 56], I will first consider the second set of arguments. Indiana Packers argues that I should summarily reject them because they are not timely raised as objections to Magistrate Judge Rodovich's May 24 order awarding attorney's fees as a discovery sanction. If Davis is really challenging the May 24 order awarding attorney's fees, then of course her objections—filed on August 2, 2022, over two months later—are not timely under Federal Rule 72(a). To the extent Davis' motion asserts that Magistrate Judge Rodovich erred in finding that an attorney's fees award was an appropriate sanction because Indiana Packers failed to meet and confer in good faith, I agree that her objections are not properly raised at this juncture. *Cf. L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015) (finding objection "that no award of fees is warranted" was "not well taken," considering expiration of deadline to object to magistrate's award of attorney fees). As in *Horton*, it appears that Davis' objections—styled as "reasons to reduce or deny attorney fees" [DE 40 at 5–8]—are directed at the magistrate's order imposing

4

attorney's fees as a sanction [DE 29], rather than the latter order approving the amount of fees requested [DE 38]. That order, from which Davis now seeks relief, concerned the *amount* of fees and costs which would be imposed as a sanction, not the propriety of sanctioning Davis in the first instance. *Horton*, 2015 WL 1057466, at *1 ("[T]he issue before the Court at this point is not *whether* fees are warranted, but rather the appropriate *amount* of those fees.").

For the same reason these arguments are untimely—they are directed to the magistrate's earlier order finding an award of fees and costs warranted as a discovery sanction—they also speak past the issues relevant to Magistrate Judge Rodovich's order granting the full amount of fees that Indiana Packers requested. [*See* DE 38 at 2 (noting Davis attempted to "rehash[] old arguments that ha[d] already been decided" by the magistrate's prior order, such as "that the defendant did not attempt to meet and confer," and finding such arguments "futile").] I can set them aside because they are not useful in evaluating whether Davis is entitled to relief from the court's order approving the full amount of Indiana Packers' requested fees and costs.

However, for completeness, I will note that her arguments fail substantively. Davis' assertions that "[i]t is apparent" that Indiana Packers' request for fees should be "denied for acting in bad faith" [DE 40 at 7], that she "believes" that Indiana Packers "acted in bad faith in its request for attorney fees" [DE 56 at 5], and that Indiana Packers' explanation for the fees requested "does not make any sense" *id.*, are entirely speculative. Davis never pressed the argument that Indiana Packers acted "in bad faith"

5

before Magistrate Judge Rodovich; and in this posture, a party may not "raise new issues that weren't presented to the magistrate judge." *Hamilton v. Am. Corrective Counseling Servs.*, No. 3:05-CV-434-RM, 2007 WL 1121307, at *1 (N.D. Ind. Apr. 13, 2007) (collecting cases). What's more, the record substantially supports the conclusion that Indiana Packers attempted on numerous occasions to discuss and resolve the underlying discovery disputes with Davis' counsel and thus satisfied its obligation under Federal Rule 37(a)(1) to meet and confer [*see* DE 19; DE 20-2; DE 20-5; DE 25-1], as Magistrate Judge Rodovich concluded [DE 29 at 6]. On the record before me, I cannot conclude that the magistrate's May 24 findings as to Indiana Packers' good faith attempts to meet and confer with Davis were clearly erroneous or contrary to law.

Davis' other argument concerns Magistrate Judge Rodovich's finding that Indiana Packers' counsel billed a reasonable amount of time in connection with briefing the underlying motion to compel. [DE 40 at 2–5; *see also* DE 36; DE 37; DE 38 at 2–3.] Although these objections are timely filed, they do not establish any basis to set aside the magistrate's decision.

I find no clear error in Magistrate Judge Rodovich's award of attorney's fees for the full 17.5 hours of time Indiana Packers' counsel spent addressing numerous deficiencies in Davis' discovery responses, including twelve specific objections. The court's order was supported by substantial evidence in the record — including a supplemental explanation of the attorney time invoiced by Indiana Packers' counsel. [DE 36; DE 37]. Indeed, rather than rubber-stamping Indiana Packer's fee request, the

court ordered Indiana Packers to elucidate the factual basis for the full amount of fees requested. After reviewing Indiana Packers' detailed explanation, the court found the attorney time reasonable. [DE 38.]

Davis focuses in large part on her suspicion that Indiana Packers 'double-billed' time spent drafting meet and confer correspondence as time spent making its motion to compel discovery responses and related briefing. This argument is hard to comprehend and, in any case, highly questionable. Davis speculates that Indiana Packers' attorneys must be over-billing. [DE 40 at 3 ("This at most should not have taken more than an hour[.]"); *id.* at 4 ("This is a boilerplate argument which was more than likely taken nearly verbatim from one of fifty (50) or more motions to compel in the Barnes & Thornburg library of briefs.").]

Beyond Davis' unsupported assertions, there is nothing in the record supporting the finding that Indiana Packers included time spent drafting a meet and confer letter in its Itemization of Fees and Costs. And in any case, it seems relatively clear that such time could be included as attorney's fees incurred in making the motion to compel. *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. Jul. 6, 2018) (citing *Marcum v. Graphic Packaging Int'l, Inc.*, No. 1:13-CV-158, 2013 WL 5406236, at *3 (N.D. Ind. Sep. 25, 2013)) (noting that in the Seventh Circuit, courts "have recognized that [time spent meeting and conferring is] made necessary by the opposing party's failure to provide the requested discovery, and may be included in attorney fees"). Moreover, the 17.5 hours of work invoiced produced substantive briefs totaling

7

over 19 pages in length, which appears to be an entirely reasonable proportion. *Cf. Slabaugh v. State Farm Fire & Cas. Co.*, No. 1:12-CV-01020-RLY-MJD, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014) (collecting cases, and noting that Seventh Circuit courts have typically found "one page of briefing per hour of work alleged" reasonable "even when those courts reduced the amount of fees requested for lack of substantive brief").

In sum, Davis has failed to establish any grounds pursuant to Federal Rule 72(a) to vacate Magistrate Judge Rodovich's opinion and order granting Indiana Packers' Itemization of Fees and Costs.

The final issue raised by the parties' briefs is whether Indiana Packers is entitled to fees incurred in opposing Davis' motion for review of that decision. [DE 45 at 8–9.] In appropriate cases, courts may award a prevailing party fees incurred in responding to objections to a magistrate's order under Rule 72(a). *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (noting Rule 37 "is a fee-shifting rule, and . . . the victor therefore is entitled to recover fees on appeal" of an order imposing a discovery sanction); *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) ("Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims. Rickels lost and must pay."); *Peterson v. Farrakhan*, No. 2:03-CV-319, 2006 WL 1994452, at *2 (N.D. Ind. Jul. 14, 2006). Citing no case law, Davis asks me to find that "this case was a 'close call'" and exercise discretion "to not award any additional attorney fees." [DE 56 at 5.] As explained above,

8

Davis' motion did not present any particularly "close calls," and Indiana Packers prevailed on the merits. In this case, Indiana Packers is entitled to additional attorney's fees in connection with Davis' appeal of the underlying magistrate decision.

**ACCORDINGLY:**

Plaintiff Sarah Davis' Motion to Review Non-Dispositive Decision of Magistrate [DE 39] is **DENIED**.

The request of Defendant Indiana Packers Corporation for attorney's fees incurred in responding to Davis' objections [DE 45 at 8] is **GRANTED**. Indiana Packers is **ORDERED** to file an itemization of the fees and costs it incurred on or before **November 18, 2022**.

**SO ORDERED**.

ENTERED: October 28, 2022.

        /s/ Philip P. Simon
        PHILIP P. SIMON, JUDGE
        UNITED STATES DISTRICT COURT