UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| SARAH DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:21-CV-024-PPS |
| | ) | |
| INDIANA PACKERS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**OPINION AND ORDER**

On October 28, 2022, I denied Plaintiff Sarah Davis' Motion to Review Non-Dispositive Decision of Magistrate pursuant to Rule 72 of the Federal Rules of Civil Procedure, granted Defendant Indiana Packers Corporation's request for fees incurred in responding to Davis' appeal of the magistrate's order, and ordered Indiana Packers to file the present itemization of its fees and costs incurred in connection with opposing Davis' objections. [DE 58; *see* DE 45 at 8.] On November 16, Indiana Packers filed its Itemization of Fees and Costs [DE 62], requesting a total of $3,539.50 in attorney's fees. Davis did not file a response.

Rule 37(a)(5)(A) limits fees to a movant's "reasonable expenses incurred in making the motion, including attorney's fees." In appropriate cases, courts may award a prevailing party fees incurred in responding to objections to a magistrate's order under Rule 72. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (noting Rule 37 "is a fee-shifting rule, and . . . the victor therefore is entitled to recover fees on appeal" of

an order imposing a discovery sanction); *Rickels v. City of South Bend*, 33 F.3d 785, 787

(7th Cir. 1994) ("Fee shifting when the judge must rule on discovery disputes encourages

their voluntary resolution and curtails the ability of litigants to use legal processes to

heap detriments on adversaries (or third parties) without regard to the merits of the

claims. Rickels lost and must pay."); *see also Israel v. Bucon*, No. 17-CV-6452, 2020 WL

13506367, at *2 (N.D. Ill. Feb. 26, 2020) ("The Court has discretion to award attorney fees

for a party's defense of a previous attorney fee award."); *Peterson v. Farrakhan*, No. 2:03-

CV-319, 2006 WL 1994452, at *2 (N.D. Ind. Jul. 14, 2006) ("[P]laintiffs are entitled to

attorney fees for time spent responding to any appeal of this order that Farrakhan may

take under Rule 72.").

I have already concluded that Indiana Packers prevailed on the merits of Davis'

appeal for the reasons explained in my prior opinion and order. [DE 58 at 8–9.] Davis has

not raised any objection to that ruling or Indiana Packers' request for an award of

attorney's fees. In seeking multiple extensions of the deadline to pay the attorney's fees

previously awarded by Magistrate Judge Rodovich as a discovery sanction, Davis told

me that she was contemplating whether to file a motion to reconsider my order

affirming his decision on review. [DE 38,; DE 42; DE 60; DE 63.] I ordered Davis, in the

event she did not file a motion to reconsider, to pay the fees ordered by Magistrate Judge

Rodovich no later than December 5. [DE 64.] No motion to reconsider was filed.

Courts apply the "lodestar" method to determine reasonable attorney's fees by

multiplying a reasonable rate by the number of hours reasonably expended on the

motion. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The prevailing party

bears the burden of demonstrating that its hours and fees are reasonable, *see Moore v.

Univ. of Notre Dame*, 22 F. Supp. 2d 896, 908–10 (N.D. Ind. 1998), and there is a

presumption that a prevailing party is presumptively entitled to the rate actually

charged by counsel, regardless of how that rate compares to the market average. *Gusman

v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993); *accord Johnson,* 668 F.3d at 933 ("The

best evidence of an attorney's market rate is his or her actual billing rate for similar

work.").

I am afforded considerable discretion to determine whether the time an attorney

spends on a discovery motion is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d

649, 659 (7th Cir. 2007); *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988) ("If ever there

was a case for reviewing the determinations of a trial court under a highly deferential

version of the 'abuse of discretion' standard, it is in the matter of determining the

reasonableness of the time spent by a lawyer on a particular task in a litigation in that

court."). However, in evaluating the amount of hours expended by counsel, I am guided

by the text of the applicable rule providing for fee-shifting in this case, which provides

that a movant shall recover "all reasonable expenses incurred in making the motion,

including attorney's fees" that are incurred when a party's "conduct . . . necessitate[s]

the motion." Fed. R. Civ. P. 37(a)(5)(A). Thus, only the hours that Davis' appeal caused

to be expended or made necessary are recoverable.

The parties are familiar with the factual background, so I will not reiterate it for

present purposes. [*See* DE 58.] Indiana Packers requests an award of fees in making its Response to Plaintiff's Motion to Review Non-Dispositive Decision of Magistrate and Request For Fees. [DE 45.] Indiana Packers supports its request with a sworn affidavit submitted by its counsel, Anthony K. Glenn, and a Summary of Invoice of 7.8 hours of legal work performed for Indiana Packers from August 3 to 11, 2022. [DE 62 at 3–7.] The work entries consist of reviewing and analyzing Davis's appeal, legal research supporting Indiana Packers' response, and drafting the response brief. *Id.* at 7. Indiana Packers represents, based on the legal experience of counsel and the nature of the case, that its counsel's billable rates are reasonable and customary to be charged for the personnel involved and for the work completed. *Id.* at 4–6.

"While an attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services, such affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiffs' burden." *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000). Here, the only evidence before me is an affidavit from Indiana Packers' counsel stating the rates charged by its counsel and representing that they are "normal, customary, and reasonable" for this type of work. [DE 62 at 6.] Unlike in *Harper*, there is no evidence before me from other attorneys practicing in the field to support Indiana Packers' contention. However, the Seventh Circuit has more recently held that "the best evidence" of an attorney's market rate is "his or her actual billing rate" for comparable services; and where a fee applicant does not meet its burden to "establish his or her market rate," the "district court may

make its own rate determination." *Johnson*, 668 F.3d at 933 (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639–40 (7th Cir. 2011)). Davis makes no objection to the reasonableness of the market rates for services provided by Indiana Packers' counsel. Based on the evidence presented, I find that the rates charged by Indiana Packers' counsel are reasonable market rates for similar work.

As to the amount of hours invoiced, there are a handful of entries that must be excluded from the fee award because they are duplicative or otherwise not "necessitated" by Davis's appeal. *See* Fed. R. Civ. P. 37(a)(5)(A). In this respect, the Court eliminates from the fee award the .3 hours Attorney Winegardner allocated to reviewing Davis' motion and outlining a response, which is duplicative of the 1.6 hours Attorney Glenn allocated to reviewing Davis' motion and "sketch[ing]" an outline of a response. [DE 62 at 7.] The Court also eliminates from the fee award the .2 hours Paralegal Larrison allocated to reviewing Davis' filing requesting an extension of time to pay the attorney's fees ordered by Magistrate Judge Rodovich, which does not relate to Indiana Packers' response to Davis' objections. *Id.* Therefore, the 1.9 hours submitted by Attorney Winegardner are reduced to 1.6 hours, at an hourly rate of $590.00, and the .2 hours submitted by Paralegal Larrison are reduced to 0 hours at a rate of $265.00, resulting in a fee award of $3,309.50.

**ACCORDINGLY:**

Defendant Indiana Packers Corporation's Itemization of Fees and Costs [DE 62] is **GRANTED**. Plaintiff Sarah Davis is **ORDERED** to pay the defendant attorney's fees in

the amount of **$3,309.50** on or before **December 21, 2022**.

        **SO ORDERED.**

        ENTERED: December 7, 2022.

                    /s/ Philip P. Simon
                    PHILIP P. SIMON, JUDGE
                    UNITED STATES DISTRICT COURT